

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Gerald S. Smith**<br>*Senior Counsel*<br>gsmith@law.nyc.gov<br>Tel: (212) 513-7927<br>Fax: (212) 788-9776 |

August 14, 2012

**BY ECF**
Honorable Raymond J. Dearie
United States District Judge
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>Emperor Builder v. City of New York, et al.</u>, 10CV01151 (RJD)(SMG)

Your Honor:

  Defendants write to advise the Court that a settlement has been reached in the above captioned matter. Attached please find a duly executed Stipulation and Order of Settlement and Dismissal dated August 13, 2012, for Your Honor's endorsement and filing.

  Thank you for your consideration of this matter.

                Respectfully submitted,

                 /s/

                Gerald S. Smith

cc: Honorable Steven M. Gold (by ECF)
   United States Magistrate Judge

   Daniel Shimko, Esq. (by email and ECF)
   Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

EMPEROR BUILDER,

                             Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICERS TOMAS REYES, NASSON
INNOCENT, SCOTT PREDRICK, AND
SERGEANT ROBERT CONWELL,

                             Defendants.
----------------------------------------------------------------x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10-CV-01151 (RJD) (SMG)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about February 4, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below; and

        **WHEREAS,** plaintiff Emperor Builder has authorized his counsel, Daniel Shimko, Esq., to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.   The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.   Defendant City of New York hereby agrees to pay plaintiff the sum of SIXTY THOUSAND ($60,000.00) DOLLARS and in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiff agrees to dismissal of all the claims against the defendant and to release the defendant City of New York; the New York City Police Department, Police Officers Tomas Reyes, Nasson Innocent, Scott Pedrick, and Sergeant Robert Conwell, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.   Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendant that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
August 13, 2012

| | |
|---|---|
| DANIEL SHIMKO<br>The Berkman Law Office, LLC<br>*Attorney for Plaintiff*<br>111 Livingston Street, Suite 1928<br>Brooklyn, New York<br><br>By: _____<br>Daniel Shimko<br>*Attorney for Plaintiff* | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>   City of New York<br>*Attorney for Defendant the City of New York*<br>100 Church Street, Rm. 3-319<br>New York, New York 10007<br><br>By: _____<br>Gerald S. Smith<br>*Senior Counsel* |

SO ORDERED:

_____
HON. RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
          _____, 2012

- 4 -